IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN GOODMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 5526 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| STEPHEN LEVY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ellen Goodman, formerly known as Ellen Goodman Toushin, brought a complaint against defendant Stephen Levy, invoking this court's diversity jurisdiction under 28 U.S.C. 1332, alleging legal malpractice. Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and argues that plaintiff is not entitled to a trial by jury. For the reasons stated below, the court denies defendant's motion to dismiss and recognizes plaintiff's right to a jury trial.

**FACTS[1]**

Plaintiff, a citizen of Florida, retained defendant, a citizen of Illinois doing business in Chicago, to represent her in a divorce proceeding in the Circuit Court of Cook County, Illinois. Plaintiff paid defendant's fees based on his billings to her at an agreed-upon hourly rate. According to plaintiff, there were many contested issues in the divorce case, including: (1) disputes as to whether assets were marital or non-marital; (2) the valuation of assets; (3) loans made by plaintiff to her husband's business; and (4) contributions made by plaintiff to businesses

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

and property her husband claimed as non-marital. The trial judge ordered the attorneys to submit witness lists and trial documents to the court and opposing counsel regarding all pending matters.

Plaintiff provided defendant with numerous documents concerning the contested issues. She provided him with titles to several antique cars, which plaintiff claimed were gifts from her husband and which her husband claimed were in plaintiff's name for financial reasons only. Plaintiff also provided a letter from her husband indicating the cars were gifts, as well as photos and evidence of payments plaintiff made from her own bank accounts for the storage and maintenance of the vehicles. Defendant failed to disclose the documentation regarding the vehicles to the judge or opposing counsel, which prohibited him from introducing the documents as evidence at trial.

Plaintiff also provided defendant with a $40,000 promissory note documenting non-marital inheritance loaned by plaintiff[2] to her husband's business, which the husband claimed was not a marital asset. Plaintiff's husband's business defaulted on the loan, and plaintiff directed defendant to enforce the note. Defendant told plaintiff he would instead enforce the note at the divorce trial, but he did not depose plaintiff's husband, did not disclose plaintiff's claim on the note, and did not tender the necessary documents to the court and opposing counsel. Defendant was therefore barred from introducing evidence at trial that plaintiff was entitled to receive the principal and accrued interest due under the note. By the time the divorce

---

[2]Plaintiff claims that the funds she loaned to her husband's business were part of a sum of money inherited from her father as non-marital property.

proceedings concluded, plaintiff's claims against her husband's business on the note were barred by the governing statute of limitations.

Additionally, plaintiff provided defendant with documentation that she had managed her husband's businesses pursuant to a power of attorney while her husband was incarcerated for tax fraud. During that time, plaintiff was paid a salary commensurate with the salary her husband received when he managed the businesses. Plaintiff also contributed portions of her salary to the businesses, which were experiencing financial trouble. According to plaintiff, defendant did not assert plaintiff's claim for reimbursement of these contributions. Further, plaintiff invested several hundred thousand dollars in the upgrading and remodeling of a building in which plaintiff and her husband lived, and which also served as a principal place of operation for one of plaintiff's husband's businesses. Plaintiff asked defendant to seek compensation for the contributions she had made to her husband's business, but defendant failed to do so.

According to plaintiff, defendant also failed to have other assets of the marital estate valued properly, which resulted in a grossly understated valuation of the estate. Further, defendant failed to determine which businesses owned by plaintiff's husband were marital property, and he failed to analyze plaintiff's contributions to these businesses to determine if the businesses had been converted to marital property through her contributions.

Finally, defendant was not prepared for trial. After defendant commenced the cross-examination of plaintiff's husband, he asked for a continuance, stating that he needed additional preparation time. The trial judge denied defendant's request.

Plaintiff filed a claim for legal malpractice, claiming that defendant breached his duty of care and did not handle her case with ordinary care and skill when he failed to: (a) disclose

3

documents and witnesses to the court and opposing counsel; (b) understand Illinois marital law as applied to plaintiff's ownership of antique vehicles; (c) sue on plaintiff's promissory note; (d) have assets of the marital estate valued properly: (e) introduce evidence at trial to rebut plaintiff's husband's valuation of the marital assets; (f) analyze the husband's businesses to determine if they were marital or non-marital; (g) recover contributions made by plaintiff to her husband's businesses and properties; (h) investigate plaintiff's husband's ownership or interest in the properties where his businesses were located; and (i) prepare for the cross-examination of plaintiff's husband. Plaintiff alleges that as a result of defendant's negligence, she suffered damages, including: (a) the loss of her equitable share of the marital estate; (b) the loss of her marital interests in and contributions to her husband's businesses; (c) the loss of her vehicles and a credit for their market value; (d) the loss of her ability to recover on her promissory note; and (5) additional fees and expenses.[3]

## **DISCUSSION**

Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." Scott v.

---

[3]Defendant's argument that this court should "dismiss plaintiff's complaint for the same reasons it was dismissed in state court" is specious. Although a state court judge dismissed the original complaint filed in the Circuit Court of Cook County, he gave plaintiff leave to re-plead. After filing her amended complaint, plaintiff exercised her right under state law to non-suit that case and then filed the instant diversity action. As defendant's counsel is well-aware (or should be), the notice pleading requirements under Fed. R. Civ. P. 8 are far more lenient than state procedural rules.

4

City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

Under Illinois law, "[t]he elements of a legal malpractice claim are: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's negligence, the plaintiff would have prevailed in the underlying action, and (4) actual damages." Lucey v. Pretzel & Stouffer, 301 Ill. App. 3d 349, 353 (1st Dist. 1998). See also Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 306 (7th Ill. 1995), citing Sexton v. Smith, 112 Ill.2d 187, 192 (1986).

Plaintiff has alleged each of the four required elements. The parties do not dispute that defendant was plaintiff's attorney, which created a duty on the part of defendant. Plaintiff alleges that defendant was negligent in numerous ways, as described above. She further alleges that but for defendant's negligence, she would have prevailed in the divorce proceeding. Finally, plaintiff alleges that she has suffered actual damages as a result of defendant's negligence and the outcome of the underlying divorce action. Plaintiff has therefore stated a claim for legal malpractice, and the court denies defendant's motion to dismiss.

Right to Trial by Jury

Defendant also argues in his motion to dismiss that plaintiff has no right to have her

claim heard by a jury. In support of this argument, defendant cites the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/101 et seq. ("IMDMA"), which states, "There should be no trial by jury under this Act." Defendant's premise is faulty, however, because the instant case is not a divorce proceeding; rather, it is a suit for legal malpractice, to which the IMDMA does not even apply. Further, not one of the cases cited by defendant to support this proposition actually states that a jury may not hear a claim for legal malpractice.

As plaintiff states correctly, an action for legal malpractice existed at common law, and it is thus a cause of action for which plaintiff has a right to a jury trial. In re Keck, 2001 WL 292559, *2 (N.D. Ill. 2001); see also Weisman v. Schiller, Ducanto & Fleck, 314 Ill. App. 3d 577, 580 (1st Dist. 2000). Consequently, plaintiff is entitled to a jury trial in the instant case.

## CONCLUSION

For the reasons stated above, the court denies defendant's motion to dismiss and recognizes plaintiff's right to a jury trial. Defendant is directed to answer the complaint on or before March 21, 2007. The parties shall file a joint status report using the court's form on or before March 28, 2007. The status hearing set for March 8, 2007, is continued to April 4, 2007, at 9:00 a.m.

**ENTER:** February 28, 2007

_____
**Robert W. Gettleman
United States District Judge**

6